Brenda M. Bradley, OSB 060453
brenda.bradley@lasoregon.org
LEGAL AID SERVICES OF OREGON
230 NE 2nd, Ave., Suite A
Hillsboro OR  97124
Tel: (503) 214-1384

Stephen S. Walters, OSB 801200
swalters@oregonlawcenter.org
David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave., Suite 812
Portland, OR 97204
Tel: (503) 473-8684

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SOTERO GARCIA CHAVEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA; WASHINGTON COUNTY; HAYDEN J. SANDERS, JONATHAN W. LOBELL, and CHRISTOPHER TAMAYO, in their individual capacities as marshals of the United States Marshals Service; and DANIEL GUZMAN-CATARINA, and JOHN DOES 1-4, in their individual capacities as deputies of the Washington County Sheriff's Office,<br><br>    Defendants. | Case No. 3:22-cv-00107<br><br>COMPLAINT<br><br>(Civil Rights: 42 U.S.C. § 1983, Unlawful Seizure, False Arrest/Imprisonment, Negligence)<br><br>JURY DEMAND |

Page 1 - COMPLAINT

## I. NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 USC § 2671, *Bivens v. Six Unknown Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and Oregon common law because he was wrongfully arrested and incarcerated in October 2020. He seeks compensatory damages for his physical and emotional injuries, and an award of punitive damages for Defendants' outrageous and malicious violations of his civil rights.

## II. JURISDICTION AND VENUE

2. This action arises under Article III of the United States Constitution, as plaintiff seeks redress of deprivations to his civil rights secured by the United States Constitution.

3. This court has subject matter jurisdiction under 28 U.S.C. §1331 and §1343, and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.

    a. On June 4, 2021, Mr. Garcia Chavez submitted a notice of tort claim by regular and electronic mail to U.S. Marshals Service, Office of General Counsel, Attn: OGC Torts Team, Building CG-3, 15th Floor, Washington, D.C. 20530-0001, USMSTORTClaims@usdoj.gov. Mr. Garcia Chavez's claim included a sum certain in money damages in the amount of $250,000.

    b. On June 8, 2021, Tort Claim Analyst Benjamin Klemmeck sent a letter acknowledging receipt of the Mr. Garcia Chavez's tort claim under the FTCA by the United States Marshals Service on June 4, 2021.

    c. The USMS failed to make final disposition of Mr. Garcia Chavez's claim within six months after it was received. The USMS's failure to make a final disposition within six months of June 4, 2021, is deemed a final denial of the claim pursuant to 28 USC 2675(a).

4. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to these claims occurred in this District.

### III. PARTIES

6. Plaintiff Sotero Garcia Chavez is Hispanic and resides in Washington County, Oregon.

7. Defendant United States of America ("USA") is a proper defendant in this action as to Mr. Garcia Chavez's claims pursuant to the FTCA. At all material times, the United States Marshals Service ("USMS") was a federal law enforcement agency within the United States Department of Justice. On information and belief, the USMS is the employer of individual U.S. Marshals who were acting within the scope of their official duties when they unlawfully arrested, detained, and violated the rights of Mr. Garcia Chavez.

8. Defendant Washington County is a municipality and political subdivision of the State of Oregon. On information and belief, Defendant Washington County is the employer of individual Sheriff Deputies who were acting within the scope of their official duties when they unlawfully arrested, detained, and violated the rights of Mr. Garcia Chavez.

9. Defendant Hayden J. Sanders is a Special Deputy United States Marshal who was acting within the scope of his official duties when he unlawfully arrested, detained, and violated the rights of Mr. Garcia Chavez in October 2020.

10. Defendant Jonathan W. Lobell is a Deputy United States Marshal who was acting within the scope of his official duties when he unlawfully arrested, detained, and violated the rights of Mr. Garcia Chavez in October 2020.

11. Defendant Christopher Tamayo is a Deputy United States Marshal who was acting within the scope of his official duties when he unlawfully arrested, detained, and violated the rights of Mr. Garcia Chavez in October 2020.

12. Defendant Daniel Guzman-Catarina is a Washington County Sheriff Deputy. He took custody of Mr. Garcia Chavez and booked him into the Jail on October 15, 2020.

13. Defendant John Doe 1 is an older White male and Washington County Sheriff Deputy. He processed Mr. Garcia Chavez at the Jail on October 15-16, 2020.

14. Defendant John Doe 2 is a thin White male and Washington County Sheriff Deputy. He gave Mr. Garcia Chavez a Jail identity card, a blanket, and toiletries, and locked him in a cell at the Jail on October 15-16, 2020.

15. Defendant John Doe 3 is a White male and Washington County Sheriff Deputy. He took Mr. Garcia Chavez from his cell and placed him in handcuffs prior to his release on October 17, 2020.

16. Defendant John Doe 4 is a stout White male and Washington County Sheriff Deputy. He released Mr. Garcia Chavez from the Jail on October 17, 2020.

17. Each individual defendant is sued in his individual capacity.

18. Each Defendant is responsible to Plaintiff for the injuries and damages he has suffered as a result of the actions of the Defendants alleged in this Complaint.

19. Plaintiff intends to amend his Complaint to state the correct name of each Defendant once his name has been identified.

### IV. FACTUAL ALLEGATIONS

20. In October 2020, an arrest warrant ("warrant") was issued by the Superior Court of California, County of San Diego, North County Division. Defendants incorrectly targeted Mr. Garcia Chavez as the person named in the warrant, despite known discrepancies between him and the person named in the warrant, including name, birth year, home address, and place of residency at the time the criminal actions were alleged to have occurred.

21. On or about October 8, 2020, members of a fugitive task force managed by the U.S Marshals Service ("USMS") in the District of Oregon began investigating Mr. Garcia Chavez based on a request from the Southern District of California Fugitive Task Force for assistance apprehending a fugitive wanted for "Continuous sexual abuse of a minor under 14 years of age" on the warrant obtained by the City of Escondido Police Department.

22. The USMS had access to Mr. Garcia Chavez's Oregon Department of Motor Vehicles ("DMV") records as early as October 8, 2020, including information that Mr. Garcia Chavez's DMV record was initially created in 1986, his most recent Oregon Driver License was issued in June 2015, and a copy of his most recent DMV photo.

23. The criminal Complaint filed in the Superior Court for the District of California charged that the actual fugitive committed the sex abuse crimes while residing with the child

victim in California between November 2009 and November 2016, which is inconsistent with Mr. Garcia-Chavez's Oregon DMV records.

24. On October 15, 2020, around 6:00 P.M., Special Deputy U.S. Marshal Hayden J. Sanders, and Deputy U.S. Marshals Jonathan W. Lobell and Christopher Tamayo arrested Mr. Garcia Chavez at his place of employment in Beaverton, Oregon.

25. At the time of his arrest, Mr. Garcia Chavez and his adult son, Jose Manuel Garcia-Tapia, who was present at the worksite, repeatedly told the U.S. Marshals that Mr. Garcia Chavez was not the person named in the warrant and that he had never lived in California. Defendant Tamayo threatened to arrest Mr. Garcia Chavez's son, saying he could "make it worse" for him and his family.

26. At the time of his arrest, Defendants Sanders, Lobell, and Tamayo took a photograph of Mr. Garcia Chavez and "texted it to confirm the arrest of the fugitive."

27. Defendants Sanders, Lobell, and Tamayo eventually placed Mr. Garcia Chavez in handcuffs. The restraints were too small and too tight and injured his right wrist. As Defendants Sanders, Lobell, and Tamayo placed Mr. Garcia Chavez in one of their vehicles, they slammed the door on his right leg and caused injury to his shin area.

28. Defendants Sanders, Lobell, and Tamayo then drove Mr. Garcia Chavez to the Washington County Jail ("Jail") but the Jail refused to book him due to his high blood pressure.

29. At approximately 7:45 P.M., on October 15, 2020, Defendants Sanders, Lobell, and Tamayo transported Mr. Garcia Chavez in handcuffs to the Hillsboro Medical Center in Hillsboro, Oregon to treat his hypertension, which was caused and/or aggravated by the stress of being wrongfully arrested.

30. After Mr. Garcia Chavez was discharged from Hillsboro Medical Center around 10:30 – 11:00 P.M., on October 15, 2020, Defendants Sanders, Lobell, and Tamayo transported him back to the Jail in handcuffs, where he was booked and incarcerated.

31. As he was being booked at the Jail, Defendant Guzman Catarina obtained information about Mr. Garcia Chavez, including his date of birth, photograph, fingerprints, and other biographic and identity data, that did not match the information in the warrant. In addition, based on information and belief, Defendant Guzman Catarina noted in the Jail's electronic booking record that Mr. Garcia Chavez had resided in the Portland, Oregon area for 35 years and had been employed for 30 years, which also was inconsistent with the information upon which the warrant was based.

32. As he was being booked at the Jail, Mr. Garcia continued to explain that his arrest was a mistake, to which Defendant Guzman Catarina responded, "all Hispanics say they are not guilty."

33. Defendant John Doe 1 subjected Mr. Garcia Chavez to a strip search and an inmate indoctrination class on October 15, 2020.

34. Defendant John Doe 2 denied Mr. Garcia Chavez's request to use the telephone at the Jail on October 15-16, 2020.

35. On Friday, October 16, 2020, Mr. Garcia Chavez was arraigned in Washington County Circuit Court on the sex abuse charges in the warrant. He was taken to the court room in handcuffs that were locked to a chain around his waist. During his arraignment, he was asked if he was willing to waive extradition so he could be transported from Oregon to California. His next court date was scheduled for October 23, 2020, and bail was set at $1,000,000.

36. On Saturday, October 17, 2020, at approximately 11:00 A.M., the USMS contacted the Jail and requested the release of Mr. Garcia Chavez because "the wrong person was arrested."

37. A teletype was sent to the Washington County Jail at approximately 11:17 A.M. by Deputy U.S. Marshal (DUSM) Robert Gerg that stated: "USMS SAN DIEGO PROVIDED THE WRONG INFORMATION FOR A WANTED SUBJECT. GARCIA CHAVEZ IS NOT THE SUBJECT WANTED ON A FELONY ARREST WARRANT AND WAS ARRESTED IN ERROR. THE VICTIM IN THE CASE WAS SHOWN OF PHOTO OF GARCIA CHAVEZ AND CONFIRMED HE IS NOT THE CORRECT PERSON. PLEASE RELEASE SOTERO GARCIA CHAVEZ AS SOON AS POSSIBLE."

38. Defendant Washington County continued to incarcerate Mr. Garcia Chavez for an additional two and one-half hours despite having been told that he had been arrested in error.

39. On information and belief, Washington County has a policy, practice, or custom of booking and continuing to incarcerate individuals based on a warrant even when it receives information that the person in custody is not the person named in the warrant.

40. On information and belief, Washington County has a policy, practice, or custom of delaying the release of individuals who are entitled to release in order to check for new warrants, holds, or commitments.

41. Washington County unreasonably seized Mr. Garcia Chavez and delayed his release by subjecting him to its policy, practice, or custom.

42. Defendant John Doe 4 told Mr. Garcia Chavez that his arrest was an error and released him from the Jail at around 1:30 P.M., on October 17, 2020. He had been in custody or incarcerated for roughly 43.5 hours at the time of his release.

43. Mr. Garcia Chavez walked 1.5 miles to his house from the Jail because he did not have his phone to call for ride. Neither John Doe 4 nor anyone else at the Jail offered Mr. Garcia Chavez the use of a phone or other assistance with transportation to his home.

44. Mr. Garcia Chavez reasonably believed that he was not free to leave from the time he was contacted by the Defendant U.S. Marshals at his place of employment on October 15, 2020, to when he was released from the Jail on October 17, 2020.

45. Defendants acted intentionally when they arrested and incarcerated Mr. Garcia Chavez.

46. Mr. Garcia Chavez was not the person named in the warrant.

47. Mr. Garcia Chavez's arrest and incarceration were not supported by probable cause to believe that he had committed a crime.

48. Based on information available and known to the Defendants prior to, during, and after Mr. Garcia Chavez's arrest, it was unreasonable to believe that he was the person named in the warrant.

49. As a result of Defendants' unlawful actions, Mr. Garcia Chavez suffered both economic and noneconomic damages, including loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, anxiety, lost wages, personal injury, and pain.

50. Due to the stress of being falsely arrested and incarcerated, Mr. Garcia Chavez's blood pressure became elevated, and he required emergency medical treatment. His right wrist is still injured due to the USMS handcuffs, and his hand still hurts when he uses it at

work. His right leg was injured when a defendant U.S. Marshal slammed the vehicle door on his leg. Several of his coworkers witnessed his arrest since it took place at his place of employment. In addition, a U.S. Marshal had contacted his employer to ascertain his work schedule to effect the arrest. Mr. Garcia Chavez has suffered further as a result of having been accused of sexually abusing a child, believing he may be extradited out of state, and feeling as though he had no control over the situation and its effect on his family.

51. Mr. Garcia Chavez lost wages and incurred medical bills because of the unlawful actions of the Defendants.

52. On April 1, 2021, within 180 days of October 15, 2020, Mr. Garcia Chavez gave written notice to Washington County of his claims pursuant to ORS 30.275.

## V. FIRST CLAIM FOR RELIEF

False Arrest/Imprisonment: Federal Tort Claims Act/Oregon Common Law

(Against Defendants USA, Washington County, Daniel Guzman Catarina, and John Does 1-4)

53. Paragraphs 1 through 52 above are incorporated herein.

54. Defendants arrested and imprisoned Mr. Garcia Chavez without legal authority and in violation of Oregon law.

55. At the time of Mr. Garcia Chavez's arrest, incarceration, and other injuries, the individual defendants were acting within the scope of their official duties.

56. The defendants acted unlawfully when they subjected Mr. Garcia Chavez to bodily harm, arrested him, and caused him to be incarcerated at the Washington County Jail without probable cause.

57. Mr. Garcia Chavez was injured by defendants' actions.

58. Defendants' actions proximately caused Mr. Garcia Chavez's injuries and damages described herein.

59. Mr. Garcia Chavez is entitled to his economic and non-economic damages.

## VI. SECOND CLAIM FOR RELIEF

Negligent Arrest: Federal Tort Claims Act/Oregon Common Law

(Against Defendants USA, Washington County, Daniel Guzman Catarina, and John Does 1-4)

60. Paragraphs 1 through 52 and 54 through 56 above are incorporated herein.

61. Defendants owed a duty to Mr. Garcia Chavez to exercise due diligence to ascertain that he was the person described in the warrant prior to arresting and incarcerating him.

62. Defendants neglected their duty to Mr. Garcia Chavez by:

    a. Failing to confirm he was the person named in the warrant prior to his arrest and incarceration;

    b. Arresting and incarcerating him based on specific information that was inconsistent with the warrant; and

    c. Continuing to incarcerate him after having reason to believe his arrest had been in error.

63. As a result of defendants' negligent actions, Mr. Garcia Chavez was arrested and incarcerated in error.

64. Mr. Garcia Chavez was injured by defendants' negligent actions.

65. Defendants' negligent actions proximately caused Mr. Garcia Chavez's injuries and damages described herein.

66. Mr. Garcia Chavez is entitled to his economic and non-economic damages.

## VII. THIRD CLAIM FOR RELIEF

Fourth Amendment (Unlawful Seizure): *Bivens* Claim

(Against Defendants Sanders, Lobell, Tamayo)

67. Paragraphs 1 through 52 above are incorporated herein.

68. Mr. Garcia Chavez's arrest and incarceration by Defendants Hayden J. Sanders, Jonathan W. Lobell, Christopher Tamayo, were unreasonable seizures that deprived him of rights secured by the Fourth Amendment to the Constitution of the United States.

69. Defendants Hayden J. Sanders, Jonathan W. Lobell, Christopher Tamayo, acted in their capacities as agents under the color of federal law when they arrested Mr. Garcia Chavez.

70. Defendants Hayden J. Sanders, Jonathan W. Lobell, Christopher Tamayo acted in clear violation of well-settled law with regard to standards for seizure, of which a reasonable person should have been aware. They are not entitled to qualified or official immunity.

71. The actions of these Defendants were intentional, malicious, and reckless and showed a callous disregard for, or indifference to, the civil rights of Mr. Garcia Chavez.

72. The actions of these Defendants give rise to a cause of action for damages against them in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

73. As a direct and proximate result of the unlawful actions of these Defendants, Mr. Garcia Chavez is entitled to recover damages from them.

74. Mr. Garcia Chavez also is entitled to an award of punitive damages because of the unlawful actions of Defendants Hayden J. Sanders, Jonathan W. Lobell, Christopher Tamayo.

## VIII. FOURTH CLAIM FOR RELIEF

Fourth Amendment (Unlawful Seizure): 42 U.S.C. §1983

(Against Defendants Washington County, Daniel Guzman-Catarina, and Does 1-4)

75. Paragraphs 1 through 52, 54 through 59, and 61 through 66 above are incorporated herein.

76. Defendant Washington County operates the Jail in Washington County, Oregon.

77. Defendant Washington County has custody and control of all persons confined in the Jail and is responsible for the day-to-day operations of the Jail.

78. Defendant Washington County has a policy, practice, or custom of incarcerating individuals when it has reason to believe that an individual has been arrested in error.

79. Defendants Washington County, Guzman Catarina, and Does 1-4 unlawfully incarcerated Mr. Garcia Chavez without any basis in state law after having reason to believe that he had been arrested in error, thus depriving him of his liberty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. On his first and second claims, his economic and non-economic losses in an amount to be determined at the time of trial;

2. On his third and fourth claims, his compensatory and punitive damages in an amount to be determined at the time of trial;

3. His costs and attorney fees pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial against the county and individual defendants.

DATED this 20th day of January 2022.

LEGAL AID SERVICES OF OREGON

s/Brenda M. Bradley
Brenda M. Bradley, OSB 060453
brenda.bradley@lasoregon.org
Attorney for Plaintiff

Page 14 - COMPLAINT