## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SOTERO GARCIA CHAVEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, **WASHINGTON COUNTY**, **HAYDEN J. SANDERS**, **JONATHAN W. LOBELL**, and **CHRISTOPHER TAMAYO**, in their individual capacities as marshals of the United States Marshals Service, **DANIEL GUZMAN-CATARINA**, and **JOHN DOES 1–4**, in their individual capacities as deputies of the Washington County Sheriff's Office,<br><br>Defendants. | Case No. 3:22-cv-00107-IM<br><br>**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1-4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS** |

Brenda M. Bradley, Legal Aid Services of Oregon, 230 N.E. Second Avenue, Suite A, Hillsboro, Oregon 97124. David R. Henretty, Joseph Suarez, and Stephen S. Walters, Oregon Law Center, 522 SW Fifth Avenue, Suite 812, Portland, Oregon 97204. Attorneys for Plaintiff.

Natalie K. Wight, Michael J. Jeter, Austin Rice-Stitt, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204. Attorneys for Defendants United States of America, Sanders, Lobell, and Tamayo.

PAGE 1 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

Eamon P. McMahon, Washington County Counsel, 155 N. First Avenue, Suite 340, MS #24, Hillsboro, Oregon 97124. Attorney for Defendants Washington County, Guzman-Catarina, and Does 1–4.

**IMMERGUT, District Judge.**

This matter comes before the Court on three motions to dismiss. Defendants Washington County, Daniel Guzman-Catarina, and John Does 1–4 (collectively, "County Defendants") move to dismiss for failure to state a claim. ECF 22. Defendant United States of America moves to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. ECF 35. Defendants Hayden Sanders, Jonathan Lobell, and Christopher Tamayo (collectively, "Marshal Defendants") move to dismiss for failure to state a claim. ECF 37.

Plaintiff Sotero Garcia Chavez ("Plaintiff") brings various claims against Defendants, arising out of his alleged wrongful arrest and incarceration in October of 2020. Plaintiff's First Claim for Relief alleges false arrest and imprisonment under Oregon law against Defendants Washington County, Guzman-Catarina, Does 1–4, and against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff's Second Claim for Relief alleges negligent arrest under Oregon law against Defendants Washington County, Guzman-Catarina, Does 1–4, and against the United States pursuant to the Federal Tort Claims Act. Plaintiff's Third Claim for Relief alleges a Fourth Amendment violation against Defendants Sanders, Lobell, and Tamayo. Plaintiff's Fourth Claim for Relief alleges a Fourth Amendment violation against Defendants Washington County, Guzman-Catarina, and Does 1-4.

As described below, Plaintiff has failed to persuade this Court that negligent arrest is a viable cause of action under Oregon law. This Court does find that Plaintiff has alleged sufficient

PAGE 2 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

facts to support a claim for false arrest and imprisonment against Defendant Washington County

and Defendants Guzman-Catarina and Does 1–4 under Oregon law, but finds that the

discretionary function exception to the FTCA renders Defendant United States immune from

suit. This Court also finds that Plaintiff has alleged facts sufficient to support a claim for a

constitutional violation against Defendants Guzman-Catarina and Does 1–4, but has failed to

allege facts to support a constitutional claim against Defendant Washington County. Finally, this

Court finds that Plaintiff cannot sustain a claim against the Marshal Defendants individually.

This Court declines to extend a *Bivens* remedy to the present case. Second, even if a *Bivens*

remedy were available, the Marshal Defendants are entitled to qualified immunity.

Accordingly, for the following reasons, the County Defendants' Motion to Dismiss is

GRANTED in part and DENED in part, the United States' Motion to Dismiss is GRANTED,

and the Marshal Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

The following factual allegations are taken primarily from Plaintiff's Complaint, ECF 1,

and supplemented by information provided by the Federal Defendants, to which Plaintiff

stipulated, ECF 36-1, Exs. 1–4.[1]

---

[1] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is typically limited to reviewing only the contents of a plaintiff's complaint. Fed. R. Civ. P. 12(d). Courts may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). Defendant United States asks this Court to consider certain exhibits attached to its Motion to Dismiss, ECF 36-1, including the relevant felony arrest warrant and printout relating to the warrant sent to the Marshal Defendants, *id.*, Ex. 1, and three U.S. Marshal Service Reports of Investigation related to the Marshal Defendants' investigation and
PAGE 3 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

Plaintiff is Hispanic and a resident of Washington County. ECF 1 at ¶ 6. He has lived in the Portland area for 35 years. *Id.* at ¶ 31.

On October 6, 2020, the City of Escondido Police Department requested the assistance of the Southern District of California's United States Marshals Service San Diego Fugitive Task Force ("San Diego Task Force") in locating and apprehending a fugitive named "Sotero Garcia." ECF 36-1, Ex. 4 at 1; ECF 1 at ¶ 21. The fugitive warrant listed the suspect's name as "Sotero Garcia," height as 5'-06, weight as 280 pounds, and date of birth as April 22, 1968. ECF 36-1, Ex. 1 at 1. The fugitive was wanted for the crime of "[c]ontinuous sexual abuse of a minor under 14 years of age." ECF 1 at ¶ 21. The criminal complaint filed in the San Diego County, California Superior Court charged that "Sotero Garcia" committed the sex abuse crimes while residing with the child victim in California between November 2009 and November 2016. *Id.* at ¶ 23.

During the investigation, the Escondido Police Department detectives told the San Diego Task Force that "Sotero Garcia" had given his family an Oregon address, and that he was potentially living in Dayton, Oregon. *See* ECF 36-1, Ex. 4 at 1. San Diego Task Force officers

---

arrest of Plaintiff, *id.*, Exs. 2–4. Plaintiff does not object to the consideration of these documents or to their authenticity, and stipulated on the record to consideration of these exhibits at oral argument. Because Plaintiff refers to the contents of these documents in his Complaint, and because the warrant as well as the information known to the Marshal Defendants at the time of Plaintiff's arrest form the basis of Plaintiff's claims for relief, this Court incorporates these exhibits by reference. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (district court did not err in considering materials outside of the pleadings on a motion to dismiss where the plaintiff alleged the contents of the documents in her complaint), *superseded by statute on other grounds as recognized in In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017).

ran local data base checks and did not find any information belonging to a "Sotero Garcia" in California. *Id.* San Diego Task Force officers then ran "Sotero Garcia" for an Oregon driver's license. *Id.* That search revealed a driver's license belonging to [Plaintiff] Sotero Garcia Chavez. *Id.*

Plaintiff's Oregon driver's license, which was from 2015, listed his height as 5'-05," weight as 252 pounds, date of birth as April 22, 1969, and home address in Hillsboro, Oregon. ECF 36-1, Ex. 1 at 2. Based on the physical identifiers, the matching birth date, and the location of the address on the Oregon driver's license, a collateral lead was sent to the District of Oregon's United States Marshal Services Northwest Violent Offender Task Force ("Oregon Task Force") on October 6, 2020. *Id.*; ECF 36-1, Ex. 4 at 1. The collateral lead contained information from both the fugitive warrant and Plaintiff's Oregon driver's license, which included a photo of Plaintiff. ECF 36-1, Ex. 1 at 2.

The request sent to the Oregon Task Force stated that "Sotero Garcia" had "previous history of living in Oregon and has a Oregon DL." ECF 36-1, Ex. 2 at 1. The request was noted as "ROUTINE," had a timeline of ten working days, and asked for a response by 10/20/2020. *Id.*

Following the October 6, 2020 request from the San Diego Task Force, Defendant Tamayo conducted several open source and law enforcement database queries. ECF 36-1, Ex. 3 at 1. Noticing the discrepancy between the birth year listed for Plaintiff and the birth year listed for the suspect "Sotero Garcia," Defendant Tamayo contacted the San Diego Task Force and "positively confirmed with [California] that Plaintiff was the same individual wanted by the Escondido Police Department." *Id.*

PAGE 5 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

One Oregon Task Force officer report states that the Oregon Task Force officers "began their investigation with the address provided by the victim then ultimately moved on to the [Plaintiff's driver's license] address." ECF 36-1, Ex. 4 at 1–2. Defendant Tamayo's report, however, states that he received the collateral lead from the San Diego Task Force on October 8 and conducted surveillance at Plaintiff's home address on October 9, 14, and 15. ECF 36-1, Ex. 3 at 1.

On October 15, 2020, at around 6:00 p.m., Defendants Sanders, Lobell, and Tamayo arrested Plaintiff at his place of employment in Beaverton, Oregon. ECF 1 at ¶ 24. At the time of his arrest, both Plaintiff and his adult son, who was present, repeatedly told the officers that Plaintiff was not the person named in the warrant. *Id.* at ¶ 25. They also alerted the officers to the fact that Plaintiff had never resided in California. *Id.* Following Plaintiff's arrest, the officers took a photo of Plaintiff and "texted it [to the San Diego Task Force] to confirm the arrest of the fugitive." *Id.* at ¶ 26. The officers then transported Plaintiff to the Washington County Jail in handcuffs. ECF 1 at ¶¶ 27, 28.

Initially, the Washington County Jail ("Jail") refused to accept Plaintiff for booking because of his high blood pressure. *Id.* at ¶ 28. Plaintiff was eventually booked into the Jail around 10:30 or 11:00 p.m., after being treated for hypertension at a local medical center. *Id.* at ¶¶ 29–30. As he was being booked at the Jail, Defendant Washington County Sheriff Guzman-Catarina obtained information about Plaintiff—including his date of birth, photograph, fingerprints, and other biographic and identity data—that did not match the information in the warrant. *Id.* at ¶ 31. The Jail booking record also noted that Plaintiff had lived in the Portland

area for 35 years and had been employed locally for 30 years. *Id.* Throughout the booking process, Plaintiff repeatedly told Defendant Guzman-Catarina that his arrest was a mistake. *Id.* at ¶ 32. Following his booking, Plaintiff was subjected to a strip search and inmate indoctrination class. *Id.* at ¶ 33. Plaintiff's requests to make a phone call during his first night in jail were denied. *Id.* at ¶ 34.

On Friday, October 16, 2020, Plaintiff was arraigned in Washington County Circuit Court on the sex abuse charges contained in the warrant. *Id.* at ¶ 35. During his arraignment, he was asked if he was willing to waive extradition so he could be transported from Oregon to California. *Id.* His next court date was scheduled for October 23, 2020, and bail was set at $1,000,000. *Id.*

On Saturday, October 17, 2020, Deputy U.S. Marshal Robert Gerg sent a teletype to the Jail at approximately 11:17 a.m. *Id.* at ¶¶ 36–37. The teletype stated:

USMS SAN DIEGO PROVIDED THE WRONG INFORMATION FOR A WANTED SUBJECT. GARCIA CHAVEZ IS NOT THE SUBJECT WANTED ON A FELONY ARREST WARRANT AND WAS ARRESTED IN ERROR. THE VICTIM IN THE CASE WAS SHOWN OF PHOTO OF GARCIA CHAVEZ AND CONFIRMED HE IS NOT THE CORRECT PERSON. PLEASE RELEASE SOTERO GARCIA CHAVEZ AS SOON AS POSSIBLE.

*Id.* at ¶ 37. At around 1:30 p.m., Defendant John Doe 4 told Plaintiff that his arrest had been in error and released him from the Jail. *Id.* at ¶ 42. He had been incarcerated for a total of approximately 43.5 hours at the time of his release. *Id.*

PAGE 7 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

## STANDARDS

### A.  Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks and citation omitted).

## B.  Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A jurisdictional attack brought under Rule 12(b)(1) may be either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on subject matter jurisdiction is based on the assertion that the allegations in the complaint are insufficient to invoke federal jurisdiction. *Id*. In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction. *Id*. In resolving a factual attack on jurisdiction, a court may consider evidence extrinsic to the complaint and normally need not presume the truthfulness of the plaintiff's allegations. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone*, 373 F.3d at 1039. If the moving party presents evidence demonstrating a lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other

PAGE 9 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

evidence sufficient to establish subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at

1039.

However, a court may not resolve genuinely disputed facts on a motion to dismiss under

12(b)(1) where "the jurisdictional issue and substantive issues are so intertwined that the

question of jurisdiction is dependent on the resolution of factual issues going to the merits of an

action." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983)

(internal quotation marks and citations omitted). "In such a case, the district court assumes the

truth of the allegations in a complaint . . . , unless controverted by undisputed facts in the

record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

## DISCUSSION

### A.  County Defendant's Motion to Dismiss, ECF 22

Plaintiff brings three claims against Washington County, Washington County Sheriff

Daniel Guzman-Catarina, and four unnamed Washington County jail officials (John Does 1-4)

(collectively "County Defendants"). In Claim One, Plaintiff alleges false arrest and false

imprisonment under Oregon law. ECF 1 at ¶¶ 51–59. In Claim Two, Plaintiff alleges negligent

arrest under Oregon law. *Id.* at ¶¶ 60–66. And in Claim Four, Plaintiff alleges Defendants

executed an unlawful seizure in violation of Plaintiff's Fourth Amendment rights *Id.* at ¶¶ 75–79.

For the following reasons, this Court denies the County Defendants' Motion to Dismiss

Plaintiff's First Claim, grants the County Defendants' Motion to Dismiss Plaintiff's Second

Claim, grants the County Defendants' Motion to Dismiss Plaintiff's Fourth Claim with respect to

PAGE 10 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN
DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J.
SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO
DISMISS

Defendant Washington County, and denies the County Defendants' Motion to Dismiss Plaintiff's

Fourth claim against Defendants Guzman-Catarina and Does 1–4.

### 1. The facially valid judicial order does not defeat Plaintiff's false imprisonment claim (Claim One) against the County Defendants.

County Defendants argue that they are entitled to absolute immunity against Plaintiff's

false arrest and false imprisonment claim because Plaintiff was always held pursuant to facially

valid judicial orders. [2] ECF 22 at 5. Under Oregon law, false arrest and false imprisonment share

the same four elements: (1) defendant must confine plaintiff; (2) defendant must intend the act

that causes the confinement; (3) plaintiff must be aware of the confinement; and (4) the

confinement must be unlawful. *Lukas v. J.C. Penney Co.*, 233 Or. 345, 353 (1963). "The

gravamen [of the tort] is 'the unlawful imposition of restraint on another's freedom of

movement.'" *Hiber v. Creditors Collection Services of Lincoln Cnty., Inc.*, 154 Or. App. 408,

413 (1998) (internal citation omitted).

Defendants do not argue that they did not intentionally confine Plaintiff, or that Plaintiff

was not aware of his confinement. Defendants argue only that their confinement of Plaintiff was

not unlawful because they were operating, at all times, pursuant to a facially valid warrant and

judicial order. [3] "[T]he fact that an arrest is made pursuant to a warrant defeats a claim of

---

[2] Washington County also argues that this immunity shields it from liability pursuant to Plaintiff's negligent arrest claim. As we have already found that negligent arrest is not a viable cause of action in Oregon, we decline to analyze Defendant's potential immunity from that claim here.

[3] "Plaintiff's only rebuttal . . . is that the Jail should have been aware that Plaintiff was not the person named in the warrant. This is a tacit acknowledgement that the warrant was facially valid, and that the only means of proving liability by the County is demonstrating that

PAGE 11 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

unlawful imprisonment, because the warrant provides a form of privilege or justification to interfere with a plaintiff's liberty." *Hiber*, 154 Or. App. at 413. A plaintiff arrested pursuant to a valid warrant makes out a *prima facie* case of false imprisonment, however, "when an arrested person proves that he was not the person named in the warrant." *Pierson v. Multnomah Cnty.*, 301 Or. 48, 53 (1986). The burden then shifts to the defendant to prove, "by a preponderance of the evidence that he acted in good faith from his subjective point of view, but also that his belief was reasonable from an objective standpoint." *Id.* The officer must also show "that he exercised due diligence to ascertain that the right person is being arrested." *Id.*

In *Pierson*, the Oregon Supreme Court, sitting *en banc*, considered the claim of false imprisonment in the context of mistaken identity. *Pierson*, 301 Or. at 50. The plaintiff, Robert Bruce Pierson, brought a false imprisonment claim against Multnomah County following an arrest where he was mistaken for his twin brother, Ronald David Pierson. *Id.* The plaintiff was stopped by a Multnomah County police officer for speeding and was subsequently taken into custody when the officer was notified of an outstanding warrant for the arrest of "Ronald David Pierson." *Id.* The plaintiff repeatedly told the officer that the warrant was for his twin brother, to which the officer responded that he had "heard that song before." *Id.* The plaintiff remained at the Multnomah County jail for one hour, before fingerprinting revealed that he was, in fact, Robert and not Ronald. *Id.* Considering plaintiff's false imprisonment claim, the court announced the rule that, in Oregon, "[a] *prima facie* case of false imprisonment is made out

---

the County knew or should have known that it was accepting custody of the wrong individual." ECF 32 at 4.

when an arrested person proves that he was not the person named in the warrant." *Id.* at 53. Finding that the plaintiff had established that fact, the court ruled that the trial court erred in not instructing the jury that the officer bore the burden of proving, by a preponderance of the evidence, that his actions were done in subjective good faith, were objectively reasonable, and were followed by due diligence to ascertain that the right person was arrested. *Id.*

In *Pierson*, the defendant officer was responsible for both arresting and detaining the plaintiff in jail. *Pierson*, 301 Or. at 50. In the present case, by contrast, the Federal Defendants are responsible for Plaintiff's arrest, while the County Defendants are responsible for detaining Plaintiff in the Washington County Jail. The question, then, is whether *Pierson*—which is clearly applicable to the party carrying out the arrest—is also applicable to the party carrying out the imprisonment.

Oregon law does not typically distinguish between false arrest and false imprisonment, thereby suggesting the applicability of *Pierson* to parties carrying out imprisonment as well. *Singh v. McLaughlin*, 255 Or. App. 340, 348 (2013) (noting that the tort of false imprisonment is "sometimes called false arrest"); *Hiber*, 154 Or. App. at 413 ("The basic principles that apply to an action for false imprisonment (also called false arrest) are familiar and well settled."). The elements of false arrest and imprisonment are identical, and refer only to "confinement," which can cover arrest or imprisonment. *See Lukas*, 233 Or. at 353; *Hiber*, 154 Or. App. at 413. Moreover, a plaintiff in Oregon can sustain a claim for false imprisonment even where the initial arrest was not unlawful. *Fossen v. Clackamas County*, 271 Or. App. 842, 848 (2015). And though *Pierson* focused primarily on the acts of the arresting officer, the court did note that "the

trauma of an arrest *and jail booking* and the stigma that flows from an arrest are well known and, therefore, warrants for arrest should be accurate and executed with precision." *Pierson*, 301 Or. at 52 (emphasis added). Given that the elements of false arrest and false imprisonment are identical, that plaintiffs can sustain a cause of action under Oregon law for false imprisonment where the initial arrest was lawful, and that *Pierson* itself acknowledged "jail booking" as part of an arrest, this Court finds that the rule announced in *Pierson* applies not only to arresting officers but to any actor that is charged with confining an individual pursuant to a warrant.[4]

In the present case, Plaintiff alleges that he was not the person named in the fugitive warrant. ECF 1 at ¶ 36. Accepting this allegation as true, as this Court must on a motion to dismiss, Plaintiff has established a *prima facie* case for false imprisonment under Oregon law. Defendants, in response, argue only that Plaintiff "fails to plead facts sufficient to establish the reasonable inference that County Defendants were aware that they were holding the wrong individual in custody." ECF 22 at 6. Given that Plaintiff has established a *prima facie* case for false imprisonment, however, the burden has shifted to the County Defendants to show that they had a reasonable, good faith belief that Plaintiff was indeed the person named in the warrant. *See Pierson*, 301 Or. at 53. Defendants have not included any evidence—besides the facial validity of the warrant—to suggest that the officers reasonably believed Plaintiff to be the person described by the warrant and that such a belief was objectively reasonable given the

---

[4] Washington County acknowledges that it confined Plaintiff in Jail pursuant to the arrest warrant presented by the U.S. Marshal officers. ECF 32 at 3 ("The County became involved when Plaintiff was brought to the Jail in custody by the Marshals and presented with a facially valid judicial arrest warrant.")

PAGE 14 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

circumstances. Defendants have also not provided any evidence that they "exercised due diligence to ascertain that the right person [was] being arrested." *See id.* Accordingly, the County Defendants' Motion to Dismiss Plaintiff's Claim One for False Arrest/Imprisonment is denied.

### 2.  Negligent arrest (Claim Two) is not a cause of action under Oregon law

County Defendants argue that Plaintiff's negligent arrest claim must be dismissed because "there is no action for 'negligent arrest' under Oregon law." ECF 22 at 4. This Court recently declined to recognize a cause of action for negligent arrest under similar circumstances in *Andrade-Tafolla v. United States*, 536 F.Supp.3d 764, 777 (D. Or. 2021).

Plaintiff cites *Murphy v. City of Portland* in support of his argument that Oregon has recognized a cause of action for negligent arrest. 36 Or. App. 745 (1978). In *Murphy*, the plaintiff sued Multnomah County and individual law enforcement officers for negligently causing his arrest by linking his identifying information to a warrant for a different person with the same name in the warrant database. *Id*. at 745 n.1. The database contained information on both people that would have distinguished them, but the county warrant clerk failed to check the database for matching names. *Id*. at 749. The court in *Murphy* reversed the trial court's grant of summary judgment based solely on a finding that issues of fact remained as to whether the defendants were immune from liability. *Id*.

As this Court noted in *Andrade-Tafolla*, the *Murphy* court never addressed whether "negligent arrest" is a recognized claim under Oregon law, and instead reversed summary judgment because the record was unclear as to whether the defendants were protected by discretionary immunity. *Id.* Nor is this Court aware of any other Oregon case that supports

PAGE 15 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

Plaintiff's claim that negligent arrest is an actionable claim under Oregon law.[5] In line with prior decisions, this Court once again declines to create a cause of action for negligent arrest absent stronger legal authority that such a claim exists.[6] *See Johnson v. Clackamas Cty.*, No. 07–CV–392–BR, 2008 WL 1909167, at *8 (D. Or. Apr. 28, 2008) (". . . false arrest is an intentional tort under Oregon law, and, therefore, Plaintiff cannot state a claim for false arrest as a negligence claim."); *Dental v. City of Salem/Salem Police Dep't*, No. 3:13–cv–01659–MO, 2015 WL 1524476, at *6 (D. Or. Apr. 2, 2015) (finding that the "dicta" cited by the plaintiff to argue that negligent arrest is a recognized action under Oregon law provided "marginal – if any – support for [that] proposition").

Perhaps recognizing that Oregon law does not currently support a claim for negligent arrest, Plaintiff attempts to recast their negligent arrest claim as a claim for negligent investigation, which Plaintiff argues is a tort recognized by Oregon law. ECF 27 at 13. At the outset, this Court notes that Plaintiff's Complaint does not state a claim for negligent

---

[5] Plaintiff cites to three unpublished District of Oregon cases, which he claims support a cause of action for negligent arrest in Oregon: *Johns v. City of Eugene*, No. 6:16–cv–00907–AA, 2018 WL 634519, at *10 (D. Or. Jan. 30, 2018), *Lewis v. City of Portland*, No. CV–99–1279–AS, 2000 WL 254004, at *3 (D. Or. Jan. 21, 2000), and *Terhune v. City of Salem*, No. 6:11–cv–6049–AA, 2013 WL 1363020, at *3 (D. Or. Apr. 1, 2013). Unpublished decisions, while instructive, are not binding authority on this Court. *See In re Van Wagoner Funds, Inc. v. Sec Litig.*, 382 F. Supp. 2d 1173, n.5 (N.D. Cal. 2004). These cases are also distinguishable from the present case because these cases involve claims of excessive use of force, whereas this case involves claims of mistaken identity and unlawful detention.

[6] In *Copeland v. K Mart Corp.*, No. 97-35333, 1998 WL 560759, at *5 (9th Cir. Sept. 2, 1998), the Ninth Circuit found that while "Oregon has not specifically recognized a claim of negligent arrest," *Murphy* represents an implicit recognition of such a cause of action. *Copeland* is an unpublished opinion with no precedential value.

PAGE 16 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

investigation, ECF 1 at ¶¶ 60–66. Plaintiff instead raises the claim for the first time in its responses to Defendants' Motions to Dismiss. ECF 27 at 13; ECF 43 at 16.  Even if Plaintiff had properly alleged a claim for negligent investigation in his complaint, however, Plaintiff has failed to identify any Oregon legal authority in the law enforcement mistaken arrest context to support such claims against law enforcement officials.

Plaintiff argues that the Oregon Court of Appeals recognized the tort of negligent investigation in *Mendive v. State*, 102 Or. App. 317, 320 (1990). ECF 27 13. In *Mendive*, two children were taken into Oregon Children's Services Division ("CSD") protective custody and later released after a juvenile judge found that there was insufficient evidence to support the order. *Id.* at 319. The plaintiffs, the father and stepmother of the children, filed suit, alleging, among other claims, that the CSD worker failed to perform an adequate investigation prior to taking the children into custody. *Id.* at 320. Defendants argued that the court should decline to "recognize a tort of negligent investigation by a CSD worker." *Id.* The court disagreed and held that the plaintiffs had stated a viable claim for negligence. *Id.* The court's analysis, however, focused squarely on the applicability of the claim to child abuse investigations. *Id.* (considering "*CSD* investigation[s]" and "claims of negligent investigation *against CSD workers*. . . ." (emphasis added)). In the more than two decades following *Mendive*, only one other case—an unpublished decision from the District of Oregon—has expanded the tort of negligent investigation to law enforcement officers. *See Johns v. City of Eugene*, No. 6:16–cv–00907–AA, 2018 WL 634519, at *10 (D. Or. Jan. 30, 2018). Absent more persuasive legal authority that a

PAGE 17 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

claim for negligent investigation applies to law enforcement, this Court declines to expand *Mendive*.

Accordingly, County Defendants' Motion to Dismiss Plaintiff's Claim Two for Negligent Arrest as an unauthorized cause of action is granted. Because this Court finds that Plaintiff's claim fails as a matter of law, Claim Two is dismissed with prejudice.

### 3. The facial validity of the warrant does not defeat Plaintiff's constitutional claim (Claim Four) against the Defendants Guzman-Catarina and Does 1–4.

The County Defendants also argue that the facial validity of the warrant immunizes them from Plaintiff's constitutional claim. Plaintiff brings his constitutional claim against the County Defendants collectively pursuant to 42 U.S.C. §1983 ("Section 1983"). Under *Monell v. Dep't of Soc. Servs. of City of New York*, a local government, such as Defendant Washington County, can be held liable under Section 1983 only where the alleged constitutional violation is a result of a municipal policy. 436 U.S. 658, 694 (1978). The Individual County Defendants, however, can be liable under Section 1983 for their own acts. As such, this Court analyzes Plaintiff's constitutional claims first against the Individual County Defendants, and then against Defendant Washington County.

### a. Plaintiff has alleged sufficient facts to sustain a constitutional claim against Defendants Guzman-Catarina and Does 1–4.

The Ninth Circuit has held that prison officials who execute facially valid court orders, such as warrants, are subject to absolute immunity for conduct prescribed by those orders.[7]

---

[7] Although Plaintiff alleges a Fourth Amendment unlawful seizure violation against Washington County, the Ninth Circuit has held that "post-arrest incarceration is analyzed under the Fourteenth Amendment alone." *Rivera v. County of Los* Angeles, 745 F.3d 384, 389-90 (9th

*Engebretson v. Mahoney*, 724 F.3d 1034, 1039–40 (9th Cir. 2013). This is true even if the underlying order is later found to be invalid or overturned. *Id.* at 1039. "Prison officials who simply enforce facially valid court orders 'are performing functions necessary to the judicial process'" and "must not be required to second-guess the courts if that process is to work fairly and efficiently." *Id.* at 1042 (citation omitted).

Detention based on mistaken identity can constitute a constitutional violation, however, if "the circumstances indicated to the defendants that further investigation was warranted." *Rivera v. County of Los* Angeles, 745 F.3d 384, 391 (9th Cir. 2014). Circumstances warranting further investigation typically "involve[] significant differences between the arrestee and the true suspect." *Id.* Within the Ninth Circuit, significant differences sufficient to warrant further investigation have included: differences in name and weight, *Fairley v. Luman*, 281 F.3d 913, 915 (9th Cir. 2002) (finding a constitutional violation where officers detained plaintiff John pursuant to a warrant, the subject of which was named "Joe" and differed from John in weight by 66 pounds); differences in height, *Garcia v. Cnty. of Riverside*, 817 F.3d 635, 643 (9th Cir. 2016) (finding a constitutional violation where the only difference between the suspect named in the warrant and the plaintiff was a nine-inch difference in height); differences in height and weight, *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 622–23 (9th Cir. 2014) (holding that plaintiff had raised a genuine issue of material fact as to a constitutional violation where plaintiff and subject

---

Cir. 2014). Because Washington County's interactions with plaintiff occurred post-arrest, Plaintiff's allegations are more accurately framed as a Fourteenth Amendment violation of due process.

PAGE 19 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

of warrant upon which he was detained differed by seven inches in height); and differences in eye color and other identifying physical features, *Soler v. Cnty. of San Diego*, 762 Fed. Appx. 383, 386 (9th Cir. 2019) (holding that issues of fact remained regarding a constitutional violation where plaintiff and subject of warrant had different eye color and subject of warrant had visible scars). *But see Rivera v. Cnty of Los Angeles*, 745 F.3d 384, 386–87, 389 (9th Cir. 2014) (finding no constitutional violation where plaintiff and subject of warrant had the same name and birthdate and differed in height and weight by one inch and ten pounds). In discussing whether circumstances warrant further investigation, the Ninth Circuit has also distinguished between arresting officers, "who cannot always pause to make inquiries on a warrant," and booking officers, for whom even one material difference may render detention unreasonable. *See Garcia*, 817 F.3d at 643.

Insofar as Plaintiff's constitutional claim alleges that the Individual County Defendants knew or should have known that Plaintiff was not the individual named in the fugitive warrant, Plaintiff must allege facts sufficient to support such an inference. In his Complaint, Plaintiff alleges that Defendant Guzman-Catarina and Does 1–4 knew, based on information obtained at booking, that Plaintiff had lived and worked in the Portland area for some thirty years, including the period of the alleged crimes in California. ECF 1 at ¶ 31. Plaintiff also alleges that the information at booking contradicted information in the warrant with respect to Plaintiff's name, birth year, and home address. *Id.* Plaintiff further alleges that "fingerprints . . . and other biographic and identity data" collected by the Individual Washington County defendants did not match the information in the warrant. *Id.* Finally, Plaintiff alleges that he told Defendant

PAGE 20 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

Guzman-Catarina that his arrest was a mistake "throughout the booking process." *Id.* at ¶ 32. County Defendants, by contrast, offer no facts, other than the facial validity of the warrant, to suggest that their actions were reasonable. ECF 22 at 5.

On a motion to dismiss for failure to state a claim, this Court must accept as true all factual allegations stated in the complaint and must draw all reasonable inferences from the factual allegations in favor of Plaintiff. *Newcal Indus., Inc.*, 513 F.3d at 1043 n.2. The above facts, taken in the light most favorable to Plaintiff, support a reasonable inference that Defendants Guzman-Catarina and Does 1–4 were on notice that Plaintiff was not the person named in the warrant. The above facts further support a reasonable inference that Defendants Guzman-Catarina and Does 1–4 failed to further investigate the propriety of Plaintiff's incarceration despite known discrepancies between the fugitive warrant and Plaintiff. As such, this Court denies the County Defendants' motion to dismiss Plaintiff's Claim Four with respect to the Individual County Defendants Guzman-Catarina and Does 1–4.

### b. Plaintiff has failed to allege that his constitutional injury was the result of a municipal policy.

To prove Defendant Washington County's liability for a constitutional violation, Plaintiff must show that the County's policies "evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'" *Edgerly v. City and Cnty. of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Plaintiff has failed to allege facts to support the inference that any potential constitutional violation was a result of a policy or custom of booking and continuing to incarcerate individuals based on known discrepancies between a warrant and

PAGE 21 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

other information known to the booking officers at the time of an individual's detention.

Plaintiff's Complaint alleges only that Defendant "Washington County has a policy, practice, or

custom of booking and continuing to incarcerate individuals based on a warrant even when it

receives information that the person in custody is not the person named in the warrant." ECF 1 at

¶ 39. This is a legal conclusion couched as a factual allegation, which this Court need not credit

on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. at 678–79.

Accordingly, this Court grants the motion to dismiss Plaintiff's Claim Four with respect

to Defendant Washington County with leave to amend.

### 4. Plaintiff's 133-minute detention after Washington County received notice of misidentification cannot sustain a claim for wrongful imprisonment.

Finally, County Defendants allege that to the extent that Plaintiff's 133-minute detention

following notice that Plaintiff was not the individual named in the warrant forms the basis of his

claims, the detention was not unreasonable as a matter of law. ECF 22 at 6. In his Complaint,

Plaintiff bases his state law and constitutional claims on the conduct of County Defendants both

before and after they received the teletype from the U.S. Marshals Service stating that Plaintiff

was not the individual named in the warrant. ECF 1 at ¶ 53–59; 75–79. Because this Court has

already found that Plaintiff has stated a claim for false arrest and imprisonment against all

County Defendants and a constitutional claim against Defendants Guzman-Catarina and Does 1–

4, Defendants' arguments regarding the reasonableness of their conduct after they received the

teletype will not, independently, defeat Plaintiff's state law and constitutional claims on a

Motion to Dismiss. Nonetheless, this Court considers Defendants' argument insofar as it might

narrow the issues of the litigation moving forward.

PAGE 22 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN
DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J.
SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO
DISMISS

"A prisoner's petition for damages for excessive custody can be a legitimate § 1983 claim." *Haygood v. Younger*, 769 F.2d 1350, 1359 (9th Cir. 1985). An individual has the constitutional right to be free from incarceration absent a criminal conviction. *Baker v. McCollan*, 443 U.S. 137, 144 (1979). The Ninth Circuit has likewise acknowledged that "over-detention after court-ordered release has the potential to violate constitutional rights." *Berry v. Baca*, 379 F.3d 764, 768 (2004).

Defendants ask this Court to follow Seventh Circuit caselaw finding that delays in release of fewer than four hours are presumptively reasonable. *Chortek v. City of Milwaukee*, 356 F.3d 740, 746–47 (7th Cir. 2004). While the general practice of the Seventh Circuit is certainly instructive, this Court is more persuaded by the Ninth Circuit's reasoning in *Brass*, which focused on whether the release program was reasonable given the circumstances of the case. *Brass*, 328 F.3d at 1202. In *Brass*, the court held that a 39-hour delay in release was not unreasonable given "the County's problems and responsibilities in processing the large number of prisoner releases it handles." *Id.* at 1201.

In his Complaint, Plaintiff alleges that Washington County "has a policy, practice, or custom of delaying the release of individuals who are entitled to release in order to check for new warrants, holds, or commitments." ECF 1 at ¶ 40. Plaintiff provides no factual basis for inferring that the process of checking for new warrants, holds, or commitments is unreasonable considering the County's responsibilities in maintaining the County Jail. In the absence of any such factual allegations, this Court finds that a two-hour delay in release is reasonable

PAGE 23 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

considering the administrative requirements, including "check[ing] for new warrants, holds, or commitments," *id.*, associated with releasing an individual from jail.

Additionally, as discussed above, to succeed on a constitutional claim against Defendant Washington County, Plaintiff must allege facts that show his alleged constitutional violation was a result of some "official municipal policy." *Monell*, 436 U.S. at 691. Plaintiff provides no factual allegation to support this claim: Plaintiff simply alleges that because he was held for an additional two and a half hours after being cleared for release, Washington County must have a policy to that effect. *Id.* at ¶¶ 38–40. This is insufficient to support a constitutional claim against Washington County. Plaintiff's allegations are likewise insufficient to support a claim that the Defendants Guzman-Catarina and Does 1–4 violated his constitutional rights by subjecting him to an unreasonable delay in release.

**B.  United States' Motion to Dismiss, ECF 35**

    **1.  Plaintiff has failed to allege a claim for false imprisonment and false arrest under the Federal Tort Claims Act.**

        **a.  Plaintiff's false arrest and imprisonment claim (Claim One) is barred by the discretionary function exception.**

The United States can be sued only to the extent that it has waived its sovereign immunity. *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, provides a limited waiver of sovereign immunity, making the United States liable for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Where the FTCA applies, the United States may be liable

PAGE 24 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "Liability is determined by the tort law of the state where the claim arose." *Gasho v. United States*, 39 F.3d 1420, 1427 (9th Cir. 1994). The Ninth Circuit has further clarified that, in the context of FTCA claims based on false arrest under Oregon law, "[t]he proper source for determining the government's liability is not the law of citizen's arrests, but rather the law governing arrests pursuant to warrants." *Arnsberg v. U.S.*, 757 F.2d 971, 979 (9th Cir. 1985).

#### i. The Law Enforcement Proviso

Generally, the FTCA does not waive sovereign immunity for intentional tort claims. *See* 28 U.S.C. § 2680(h). However, "[i]n 1974, Congress carved out an exception to § 2680(h)'s preservation of the United States' sovereign immunity for intentional torts by adding a proviso covering claims that arise out of the wrongful conduct of law enforcement officers" acting within the scope of their employment. *Millbrook v. United States*, 569 U.S. 50, 52 (2013). "Known as the 'law enforcement proviso,' this provision extends the waiver of sovereign immunity to claims for six intentional torts, including [false arrest and false imprisonment], that are based on the 'acts or omissions of investigative or law enforcement officers.'" *Id*. at 52–53 (quoting 28 U.S.C. § 2680(h)). The proviso defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

"On its face, the law enforcement proviso applies where a claim both arises out of one of the proviso's six intentional torts [assault, battery, false imprisonment, false arrest, abuse of

PAGE 25 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

process, or malicious prosecution], and is related to the 'acts or omissions' of an 'investigative or law enforcement officer'" who is "acting within the scope of his office or employment." *Millbrook*, 569 U.S. at 54–55 (quoting 28 U.S.C. § 1346(b)).

### ii. Discretionary Function Exception

The United States' "waiver of sovereign immunity [under the FTCA] is subject to a number of exceptions set forth in § 2680." *Millbrook v. U.S.*, 569 U.S. 50, 52 (2013). "If an exception applies, sovereign immunity is not waived, and no subject matter jurisdiction exists." *Gen'l Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998). In the Ninth Circuit, "the United States bears the burden of proving the applicability of one of the exceptions to the FTCA's general waiver of immunity." *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992).

The discretionary function exception to the waiver of sovereign immunity under the FTCA precludes claims against the United States which are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The exception is designed to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)) (internal quotation marks omitted); *see also Gasho*, 39 F.3d at 1435 ("[A]n act is shielded from liability [under the discretionary function exception] if judicial

PAGE 26 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

second-guessing would interfere with the federal employee's exercise of independent policy

judgments.").

    "Whether a challenged action falls within the discretionary function exception requires a

particularized analysis of the specific agency action challenged." *GATX/Airlog Co. v. United

States*, 286 F.3d 1168, 1174 (9th Cir. 2002). Courts engage in a two-step inquiry to determine if

the exception applies. *See Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "First, for the

exception to apply, the challenged conduct must be discretionary—that is, it must involve an

element of judgment or choice." *GATX*, 286 F.3d at 1173. "In general, governmental conduct

cannot be discretionary if it violates a legal mandate." *Nurse v. United States*, 226 F.3d 996,

1002 (9th Cir. 2000). Second, "[i]f the conduct involves choice or discretion, the court must then

'determine whether that judgment is of the kind that the discretionary function exception was

designed to shield.'" *GATX*, 286 F.3d at 1174 (quoting *Berkovitz*, 486 U.S. at 536). The focus is

on "the nature of the actions taken and on whether they are susceptible to policy analysis."

*Gaubert*, 499 U.S. at 325.

### iii. The Oregon Marshals' challenged conduct was both discretionary and susceptible to policy analysis.

    As an initial matter, this Court is not persuaded by Plaintiff's argument that application of

the discretionary function exception to the present case would "make . . . the 'law enforcement

proviso,' meaningless." ECF 43 at 14. Contrary to Plaintiff's assertion, the Ninth Circuit has

expressly held that the liability created by the law enforcement proviso is subject to the FTCA's

discretionary function exception. *Gasho*, 39 F.3d at 1435. "If a defendant can show that the

tortious conduct involves a 'discretionary function,' a plaintiff cannot maintain an FTCA claim,

PAGE 27 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN
DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J.
SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO
DISMISS

even if the discretionary act constitutes an intentional tort under section 2680(h)." *Id*. In other words, a court must first determine if the challenged conduct is discretionary before finding that a plaintiff can sustain a claim for an intentional tort under section 2680(h). *See id*; *see also Pooler v. U.S.*, 787 F.2d 868, 872 (3d Cir. 1986) (finding that "suit [under the law enforcement proviso] can only be maintained if it is first shown that the government actor was not exercising discretion"), *abrogated on other grounds by Millbrook*, 569 U.S. 50.

To determine whether the challenged conduct falls within the discretionary function exception, this Court first considers the nature of the challenged actions. *Gaubert*, 499 U.S. at 325. This Court notes at the outset that the parties differ in their definition of the conduct at issue. Plaintiff asserts that the conduct at issue is the Marshal Defendants' alleged unlawful arrest of Plaintiff. ECF 43 at 12. The United States argues, by contrast, that the conduct at issue is the "scope and manner of the [Marshal Defendants'] investigation and decision whom to arrest based on that investigation." ECF 35 at 7. Though Plaintiff attempts to define the challenged conduct narrowly, this Court finds that the complaint nonetheless challenges "information available and known to Defendants *prior to* . . . [Plaintiff's] arrest," which Plaintiff argues rendered the belief that Plaintiff was the individual named in the warrant "unreasonable." ECF 1 at ¶ 48. This Court therefore finds that at least part of the conduct that Plaintiff challenges is the Marshal Defendants' investigation into whether Plaintiff was indeed the individual named in the warrant, as well as the Marshal Defendants' decision to arrest Plaintiff, as opposed to a different individual.

After defining the conduct at issue, this Court must then consider whether the conduct "involve[s] an element of judgment or choice." *GATX*, 286 F.3d at 1173. The Ninth Circuit has held that "determinations of whom to arrest and when to arrest . . . [come] within the discretionary function exception." *Dupris v. McDonald*, 554 Fed. Appx. 570, 573 (9th Cir. 2014). Decisions regarding the manner and scope of law enforcement investigations are likewise inherently discretionary. *See Artega-Ruiz v. U.S.*, 705 Fed. Appx. 597, 598 (9th Cir. 2017) (finding that the "manner in which [federal immigration agents] investigated [the plaintiff's] eligibility for removal" was covered by the discretionary function exception); *Pooler*, 787 F.3d at 871 ("[D]ecision making as to investigation and enforcement, particularly when there are different types of enforcement action available, are discretionary judgments.").

Consistent with this precedent, this Court finds that the conduct challenged by Plaintiff is inherently discretionary in that it involved instances of judgment or choice.[8] The Marshal Defendants' decision to conduct certain open database searches for Plaintiff's information, their

---

[8] Defendant United States proffered USMS policies that they argue support the conclusion that no directive or mandate constrained the USMS officers' actions. ECF 36-1, Ex. 5. Plaintiff objects to consideration of these policies as inappropriate on a motion to dismiss. ECF 43 at 8. Defendant counters that this Court may consider the policies because "[c]ourts reviewing motions to dismiss for lack of jurisdiction 'may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.' *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) . . . ." ECF 45 at 3. Defendant is correct that when considering a factual attack on jurisdiction, a court may consider evidence beyond the pleadings. In a factual attack on jurisdiction, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. Accepting Defendant United States' attack on jurisdiction as a factual attack, this Court nonetheless finds that it is not necessary to consider USMS policies, because relevant Ninth Circuit precedent makes clear that the challenged conduct is inherently discretionary.

PAGE 29 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

decision to surveil Plaintiff's home, and their consideration of the similarities and differences between Plaintiff's 2015 driver's license and the information on the fugitive warrant all required the officers to use elements of judgment or choice. The decision by the Marshal Defendants to arrest Plaintiff based on the information they knew at the time of arrest, rather than to arrest a different individual—or to arrest no one at all—also involved "an element of judgment." *See GATX*, 286 F.3d at 1173.

Having determined that the challenged conduct involved "an element of judgment or choice," this Court next considers whether the conduct is "susceptible to policy analysis." *Gaubert*, 499 U.S. at 325. The Ninth Circuit has held that "[i]nvestigations by federal law enforcement officials . . . clearly require investigative officers to consider relevant political and social circumstances in making decisions about the nature and scope of a criminal investigation." *Sabow v. U.S.*, 93 F.3d 1445, 1453 (9th Cir. 1996) (citations omitted). Moreover, though not binding on this Court, both the Eleventh and Sixth Circuits have held that the identification of a suspect named in a warrant and subsequent decision to arrest that suspect are shielded by the discretionary function exception. *Mesa v. U.S.*, 123 F.3d 1435, 1438 (11th Cir. 1997) ("We readily conclude that the decisions regarding how to locate and identify the subject of an arrest warrant and regarding whether the person apprehended is in fact the person named in the warrant are discretionary in nature and involve an element of judgment or choice."); *Milligan v. U.S.*, 670 F.3d 686, 695 (6th Cir. 2012) ("We agree with the Eleventh Circuit that the process of verifying whether the apprehended person is actually the suspect named in the warrant 'is grounded in

PAGE 30 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

considerations of public policy,' . . . and that these policy considerations are 'of the kind that the discretionary function exception was designed to shield.'") (citation omitted)).

This Court finds that the Marshal Defendants' challenged conduct was "susceptible to policy analysis" such that Defendant United States is immune from suit under the FTCA. The Marshal Defendants were required, for instance, to determine how much to rely on the information provided by law enforcement agencies in another state and district before effectuating an arrest. The Marshal Defendants were also required to consider the policy implications of effectuating an arrest based on a warrant issued in California. To hold Defendant United States liable for these policy choices would require this Court to engage in precisely the type of "judicial second-guessing" that the discretionary function exception was designed to prevent. *Gasho*, 39 F.3d at 1435.

Because this Court finds that the discretionary function exception applies, the United States has not waived sovereign immunity and this Court lacks jurisdiction over Plaintiff's FTCA claim. Accordingly, Claim One against the United States fails as a matter of law and is dismissed with prejudice.

      **b. Plaintiff has failed to allege facts to support his claim for false arrest and imprisonment (Claim One) under Oregon law.**

Even if this Court were to find that the discretionary function exception did not apply and that the Defendant United States had therefore waived its immunity, this Court nonetheless finds that Plaintiff has failed to sufficiently allege facts to support his claim for false arrest and imprisonment claim under the FTCA. Because "[t]he proper source for determining the government's liability is not the law of citizen's arrests, but rather the law governing arrests

PAGE 31 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

pursuant to warrants," *Arnsberg*, 757 F.2d at 979, Plaintiff must allege that the officers' actions would subject them to liability pursuant to Oregon law governing arrest pursuant to warrants. As discussed above, under Oregon law, a plaintiff makes out a *prima facie* case for false arrest by showing that he was not the person named in the arrest warrant. *Pierson*, 301 Or. at 53. Plaintiff has done so here. ECF 1 at ¶ 36. Defendants must then show that their actions were done in subjective good faith, were objectively reasonable, and were followed by due diligence to ascertain that the right person was arrested. *Pierson*, 301 Or. at 53. Here, unlike the Washington County individual defendants, the United States has presented Exhibits 1 through 4, which offer evidence of what the Marshal Defendants knew, and what steps they took, prior to arresting Plaintiff. ECF 36, Exs. 1–4. Plaintiff has stipulated that the Court may consider this information for purposes of this motion.

According to Plaintiff's Complaint, the Marshal Defendants knew of the discrepancies between the person named in the arrest warrant and Plaintiff at the outset of their investigation. ECF 1 at ¶ 20. They had access to Plaintiff's DMV record, which contained information that could have put the officers on notice that Plaintiff was not the individual named in the warrant. *Id.* at ¶ 22–23. They knew that Plaintiff lived thirty miles from the address provided by relatives of the suspect named in the fugitive warrant.  ECF 40-1, Ex. 2 at 1; ECF 40-1, Ex. 4 at 1.  They also knew that there were small physical discrepancies between Plaintiff and the warrant (one inch) and weight (thirty pounds). ECF 40-1, Ex. 4, at 1. At least one Marshal Defendant noticed the discrepancy between Plaintiff's birth date year and the birth date year listed on the warrant because he checked with the Southern District of California – San Diego Fugitive Task Force to

PAGE 32 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

confirm that Plaintiff was the individual named in the warrant. ECF 40-1, Ex. 3 at 1. And

Plaintiff alleges that, at the time of his arrest, he and his son made repeated assertions to the

Marshal Defendants that he was not the person named in the warrant and had never lived in

California. *Id.* at ¶ 25.

In response to Plaintiff's allegations, Defendant United States argues that the Marshal

Defendants' conduct was based on an objectively reasonable, good faith belief that Plaintiff was

the individual named in the warrant. ECF 45 at 8. The Marshal Defendants had a picture of

Plaintiff, a facially valid arrest warrant that described a person matching Plaintiff's description,

and information that the suspect lived in the general area where Plaintiff resided. ECF 40-1, Ex.

4. The Marshal Defendants stated that it was common to see a slight variation in birth dates

between suspects and warrants. *Id.* At least one Marshal Defendant confirmed with the San

Diego Fugitive Task Force that Plaintiff was indeed the person named in the warrant. ECF 40-1,

Ex. 3 at 1. Plaintiff's son's assertion that he was not the individual identified in the warrant, the

United States argues, did not render the Marshal Defendants' belief unreasonable. ECF 45 at 7.

Even taking the alleged facts in the light most favorable to Plaintiff, as this Court must on

a motion to dismiss, this Court finds that the Marshal Defendants had both an objectively and

subjectively reasonable belief that Plaintiff was the individual named in the warrant. The

Marshal Defendants knew that Plaintiff had the same first name, and one of the same last names,

as the subject of the warrant. ECF 36-1, Ex. 1 at 1–2. They knew that Plaintiff lived just thirty

miles from where the subject of the warrant supposedly resided, and that the subject's family had

told California officers that the subject of the warrant had a history of living in Oregon and had

PAGE 33 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN
DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J.
SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO
DISMISS

an Oregon driver's license. *Id.*, Ex. 4 at 1; *id.*, Ex. 2 at 1. They knew that Plaintiff and the subject of the warrant had the exact same birthday, and although the birth year was one year apart, it is common to see such variations in birthdates on identification. *Id.*, Ex. 4 at 1. And the Marshal Defendants knew that Plaintiff and the subject of the warrant differed in physical characteristics only slightly (same hair and eye color and only a one-inch difference in height and a thirty-pound difference in weight). *Id.*, Ex. 1 at 1–2. The Marshal Defendants officers also knew that the San Diego Task Force sought the assistance of the Oregon Task Force because no one with the suspect's name or identifying information was found in California. *Id.*, Ex. 4 at 1. In cases where the Ninth Circuit has found arrest based on mistaken identity to be unreasonable, by contrast, the differences between the plaintiff and the suspect have been more considerably pronounced than the differences at issue here. *Compare Rivera*, 745 F.3d at 386–87, 389 (finding no constitutional violation where plaintiff and subject of warrant had the same name and birthdate and differed in height and weight by one inch and ten pounds) *with Gant*, 772 F.3d at 622–23 (finding a plausible constitutional violation where plaintiff and subject of warrant differed by seven inches in height); *Fairley*, 281 F.3d at 915 (finding a plausible constitutional violation where plaintiff and subject of warrant differed by 66 pounds).

This Court additionally finds that the Marshal Defendants satisfied the requirement, under Oregon false imprisonment law, that the arresting individual exercise due diligence to ascertain that the right person was arrested. *Pierson*, 301 Or. at 53. At least one officer independently confirmed with the California office that Plaintiff was the subject of the warrant. ECF 36-1, Ex. 3 at 1. As such, this Court finds that, as a matter of law, Plaintiff has failed to

PAGE 34 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

make out the elements necessary to support a claim of false imprisonment and false arrest under the FTCA. Defendant United States' Motion to Dismiss Plaintiff's First Claim is therefore granted.

### 2.  Negligent arrest is not a cause of action under Oregon law.

As discussed above, this Court finds that Plaintiff can neither make out a viable claim for negligent arrest nor negligent investigation under Oregon law. For the same reasons discussed in Section A.1, *supra*, Defendant United States' Motion to Dismiss Plaintiff's Second Claim is granted. Because Plaintiff's claim fails as a matter of law, Plaintiff's Second Claim is dismissed with prejudice.

## C.  Marshal Defendants' Motion to Dismiss, ECF 37

Plaintiff brings his Third Claim against the Marshal Defendants individually under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for unlawful seizure in violation of the Fourth Amendment. ECF 1 at ¶¶ 67–74. The Marshal Defendants move to dismiss this claim on the grounds that there is no remedy under *Bivens* for Plaintiff, or, in the alternative, on the grounds that Defendants are entitled to qualified immunity. For the reasons discussed below, this Court grants the Marshal Defendants' Motion to Dismiss Plaintiff's Third Claim. Because this Court finds that Plaintiff's claim fails as a matter of law, Claim Three is dismissed with prejudice.

### 1.  This Court declines to extend *Bivens* to this context.

In *Bivens*, the Supreme Court recognized for the first time an implied right of action against federal officers for constitutional violations. The Court held that plaintiff Webster Bivens

PAGE 35 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

was entitled to sue federal agents for damages arising out of an unlawful arrest and search, in violation of his Fourth Amendment rights. *Bivens*, 403 U.S. at 389–90. In the years after *Bivens*, the Court also recognized implied rights of action under the Constitution for damages in two other contexts. *See Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a damages remedy for a gender discrimination claim against a United States Congressman under the equal protection component of the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing a damages remedy against federal prison officials for failure to provide adequate medical treatment under the Eighth Amendment's Cruel and Unusual Punishment Clause). The "core purpose" of *Bivens* is "deterring individual officers from engaging in unconstitutional wrongdoing." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see also Reid v. United States*, 825 F. App'x 442, 444 (9th Cir. 2020) ("A claim for damages based on individualized mistreatment by rank-and-file federal officers is exactly what *Bivens* was meant to address.")

In the four decades since *Bivens*, *Davis*, and *Carlson* were decided, the Supreme Court has repeatedly refused to add to the claims allowed under *Bivens*. *See Hernandez v. Mesa*, 140 S. Ct. 735, 742–43 (2020) (collecting cases). Recently, the Supreme Court made clear that expanding the *Bivens* remedy to any new context or category of defendants "is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Iqbal*, 556 U.S. at 675); *see also Iqbal*, 556 U.S. at 675 (explaining the Court is "reluctant to extend *Bivens*" "[b]ecause implied causes of action are disfavored"). The Court explained that to do so constitutes a "significant step," *Abassi*, 137 S. Ct. at 1856, which risks offending separation-of-powers principles, as "Congress is the best positioned to evaluate 'whether, and the extent to

PAGE 36 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

which, monetary and other liabilities should be imposed upon individual officers and employees

of the Federal Government' based on constitutional torts." *Hernandez*, 140 S. Ct. at 742 (quoting

*Abbasi*, 137 S. Ct. at 1856).

In considering possible extensions of *Bivens*, courts engage in a "two-step inquiry," "first

inquir[ing] whether the request involves a claim that arises in a new context or involves a new

category of defendants," and then, if so, "ask[ing] whether there are any special factors that

counsel hesitation" before extending the *Bivens* remedy. *Id.* at 743 (internal citations, alterations,

and quotation marks omitted). The "most important question" guiding this analysis is: "who

should decide whether to provide for a damages remedy, Congress or the courts?" *Id.* at 750

(quoting *Abbasi*, 137 S. Ct. at 1857) (internal quotation marks omitted).  As the Supreme Court

recently held, if there is "a rational reason to think that the answer is 'Congress'—as it will be in

almost every case . . .—no *Bivens* action may lie." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022)

(internal citation omitted).

### a.  New Context Analysis

The Supreme Court's understanding of a "new context" in a *Bivens* analysis is "broad."

*Hernandez*, 140 S. Ct. at 743. A context is "'new' if it is 'different in a meaningful way from

previous *Bivens* cases decided by [the Supreme] Court.'" *Id.* (quoting *Abbasi*, 137 S. Ct. at

1859).

As the Supreme Court explained in *Abbasi*:

> Without endeavoring to create an exhaustive list of differences that
> are meaningful enough to make a given context a new one, some
> examples might prove instructive. A case might differ in a
> meaningful way because of the rank of the officers involved; the

PAGE 37 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN
DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J.
SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO
DISMISS

> constitutional right at issue; the generality or specificity of the
> official action; the extent of judicial guidance as to how an officer
> should respond to the problem or emergency to be confronted; the
> statutory or other legal mandate under which the officer was
> operating; the risk of disruptive intrusion by the Judiciary into the
> functioning of other branches; or the presence of potential special
> factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S. Ct. at 1859–60. The Supreme Court cautions that "even a modest extension is still an extension," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Id*. at 1857, 1864 (internal quotation marks omitted) (quoting *Malesko,* 534 U.S. at 68); *see also Loumiet v. United States*, 948 F.3d 376, 382 (D.C. Cir. 2020) (noting that "a new context is present whenever the plaintiff seeks damages from a new category of defendants" (internal quotation marks and citation omitted)); *Boule v. Egbert*, 998 F.3d 370, 387 (9th Cir. 2021) (finding an extension, albeit "modest," where the defendant "is an agent of the border patrol rather than of the F.B.I.").

Plaintiff claims that the Marshal Defendants violated his Fourth Amendment rights when the Officers arrested him based on a warrant that identified a different person. The case most analogous to Plaintiff's claim, and the only case in which the Supreme Court explicitly approved of a *Bivens* cause of action for Fourth Amendment claims, is *Bivens* itself. In *Bivens*, the plaintiff sued federal narcotics agents after the agents arrested him, handcuffed him in his home, and searched his home without probable cause or a search warrant. *Bivens*, 403 U.S. at 389. Though *Bivens*, like this case, involved an arrest that was asserted to be in violation of the Fourth Amendment, this Court finds that there are sufficient differences to render this a new context.

PAGE 38 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN
DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J.
SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO
DISMISS

The most notable difference between the present case and *Bivens* is the existence of the warrant upon which the Marshal Defendants based Plaintiff's arrest. In *Bivens*, the federal narcotics agents entered Bivens' home without probable cause or a search warrant. *Bivens*, U.S. 403 at 389. Here, the Marshal Defendants arrested Plaintiff pursuant to a facially valid warrant. ECF 1 at ¶¶ 20, 24. The Marshal Defendants in the present case, in other words, were operating under a valid legal mandate to arrest the individual they believed to be Plaintiff. As the Supreme Court has explained, "the statutory or other legal mandate under which the officer was operating" is an example of a way in which a *Bivens* claim could arise in a new context. *Abbasi*, 137 S. Ct. at 1860. Warrantless seizures also implicate a different Fourth Amendment right than seizures with warrants. *See Payton v. New York*, 445 U.S. 573, 584 (1980) (". . . the [Fourth] Amendment contain[s] two separate clauses, the first protecting the basic right to be free from unreasonable searches and seizures and the second requiring that warrants be particular and supported by probable cause."). Finally, while not controlling, this Court notes that the Fourth Circuit has found that the presence of a valid warrant creates a "new context" for *Bivens* claims. *See Annappareddy v. Pascale*, 996 F.3d 120, 135 (4th Cir. 2021) ("What *Bivens* involved was the Fourth Amendment right to be free of unreasonable warrantless searches and seizures; this case, by contrast, involves searches and a seizure conducted with a warrant.").[9]

---

[9] Plaintiff argues that *Annappareddy* is distinguishable because the defendants both had a warrant and were accused of falsifying information to obtain the warrant. *See* ECF 43 at 20. To the contrary, this Court finds that this fact cuts in favor of the Marshal Defendants; if a warrant based on false allegations can place an arrest in a new context from the warrantless arrest in *Bivens*, a warrant without false allegations certainly renders the present case a new context.

PAGE 39 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

### b.  Special Factors Counseling Hesitation

Having found that Plaintiff's *Bivens* claim arises in a new context, this Court proceeds to conduct a special factors analysis and "ask whether there are factors that counsel hesitation" in extending *Bivens* to Plaintiff's claims. *See Hernandez*, 140 S. Ct. at 743 (citation and alterations omitted). "The [Supreme] Court's precedents now make clear that a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Abbasi*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). The Supreme Court has not defined "special factors counselling hesitation," but has indicated that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857–58. "[T]o be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Id*.; *see also Hernandez*, 140 S. Ct. at 743 ("[I]f we have reason to pause before applying *Bivens* in a new context or to a new class of defendants—we reject the request."); *Arar v. Ashcroft*, 585 F.3d 559, 574 (2d Cir. 2009) (describing the threshold for a factor to counsel hesitation as "remarkably low").

This Court finds that extending a *Bivens* remedy in this case could expand federal constitutional litigation in such a way that the "*Bivens* cure would be worse than the disease." *Wilkie v. Robbins*, 551 U.S. 537, 561 (2007). Subjecting federal agents to liability for pursuing a facially valid warrant could expand the amount of litigation against federal officers by allowing any person who is arrested under a valid warrant to challenge the arrest on the grounds that the officer's investigation or choice in arrest was unreasonable. Expanding *Bivens* to this new

context could chill federal law enforcement to such an extent that officers are hesitant to effectuate valid warrants, on the chance that they are later found to be related to a different individual. Expanding *Bivens* to the present case could also chill cooperation between offices within the U.S. Marshals Service, particularly if individual officers could be held personally liable for effectuating a facially valid warrant based on the investigation of another office. This would cut against the U.S. Marshals Service's statutory mandate to investigate fugitive matters and enforce all orders of the United States District Courts. *See* 28 U.S.C. § 566.

This Court is cognizant of the fact that declining to extend *Bivens* leaves Plaintiff without a cause of action against the Marshal Defendants individually. However, the Supreme Court has recently emphasized that "creating a cause of action is a legislative endeavor" in which federal courts should not needlessly engage. *Egbert*, 142 S. Ct. at 1802. "'[E]ven a single sound reason to defer to Congress' is enough to require a court to refrain from creating such a remedy." *Id.* at 1803 (citation omitted). Here, this Court finds at least one reason to defer to Congress in the creation of a cause of action against federal officers relying on information obtained from another office. As such, this Court cannot extend *Bivens* to create liability for the Marshal Defendants.

### 2. Even if a *Bivens* remedy were available to Plaintiff, Marshal Defendants are entitled to qualified immunity.

The Marshal Defendants argue that, even if this Court were to find that Plaintiff has a viable *Bivens* claim, the officers are nonetheless entitled to qualified immunity. ECF 37 at 14. "The doctrine of qualified immunity protects government officials from liability for civil damages." *Wood v. Moss*, 572 U.S. 744, 757(2014); *see also Krainski v. Nevada ex rel. Bd. of*

PAGE 41 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

*Regents*, 616 F.3d 963, 968 (9th Cir. 2010). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

This Court agrees that the Marshal Defendants are entitled to qualified immunity. In determining whether an officer is entitled to qualified immunity, this Court considers: (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014). The Court addresses each question in turn.

### a.  Violation of a Constitutional Right

An arrest based on mistaken identity but carried out pursuant to a facially valid arrest warrant does not violate the Fourth Amendment so long as the officers had probable cause to arrest the individual named in the warrant and a reasonable belief that the person they are arresting is that individual. *Hill v. California*, 401 U.S. 797, 802 (1971). An officer's conduct must also be "objectively reasonable in light of the facts and circumstances confronting [him]. . . ." *Lee v. Gregory*, 363 F.3d 931, 935 (9th Cir. 2004).

Taking the facts in the Complaint as true and interpreting them in the light most favorable to Plaintiff, this Court finds that Plaintiff has not made out a claim for a Fourth Amendment violation based on the officers' arrest. Although Plaintiff has alleged the Marshal Defendants were aware of discrepancies between the Plaintiff and the subject of the arrest warrant, the record before this Court shows the Marshal Defendants chose to move forward with the arrest, based on

PAGE 42 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

information that they felt confirmed that Plaintiff was indeed the individual named in the warrant, including a photograph of Plaintiff, confirmation from authorities in California that Plaintiff was indeed the person named in the warrant, and information that the individual named in the warrant lived in Oregon and had an Oregon driver's license. *Id.* at ¶ 22; ECF 36-1, Ex. 2 at 1; ECF 36-1, Ex. 3 at 1; ECF 36-1, Ex. 4 at 1.

This Court finds that Plaintiff has not plead sufficient facts to support a finding that the Marshal Defendants' actions were both subjectively and objectively unreasonable. *See Lee*, 363 F.3d at 935. As such, Plaintiff has failed to make out a claim that Marshal Defendants' actions constituted a violation of his Fourth Amendment rights.

### b. Clearly Established

Even if the Marshal Defendants' actions violated Plaintiff's Fourth Amendment rights, this Court finds that those actions did not violate "clearly established" law such that Marshal Defendants would not be entitled to qualified immunity. To overcome a defense of qualified immunity, it is not enough that a plaintiff shows that a defendant's conduct amounted to a constitutional violation.[10] The specific conduct must violate "clearly established law" such that "every 'reasonable official would [have understood] that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation omitted). This is an exacting standard,

---

[10] Indeed, Supreme Court precedent holds that it is not even necessary for a plaintiff to show a constitutional violation if they cannot show the defendant's conduct violated a clearly established right. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that in analyzing qualified immunity, a court can consider whether the conduct violated a clearly established right before analyzing whether there was a constitutional violation).

PAGE 43 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J. SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO DISMISS

and while it does not "require a case directly on point . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

Clearly established law holds that an officer who knowingly arrests the wrong person has violated the Fourth Amendment. *Lee*, 363 F.3d at 935. Officers do not violate the Fourth Amendment if, acting on a valid warrant, they mistakenly arrest the wrong person, so long as that mistake is both reasonable and made in good faith. *Hill*, 401 U.S. at 802; *see also Lee*, 363 F.3d at 935. As described above, based on the similarities between the individual named in the warrant and Plaintiff, as well as the photograph of Plaintiff that the Marshal Defendants obtained prior to arrest, this Court does not find that the facts alleged in the Complaint show that the officers arrested Plaintiff knowing that he was, in fact, not the person named in the warrant.

Moreover, while it is a constitutional violation for an officer to unreasonably arrest someone under a valid warrant, we do not find that the Ninth Circuit case law is so clear on this issue as to have put the officers on notice that their conduct was unreasonable. While the Ninth Circuit has held that differences between a plaintiff and the individual named on a warrant might render an arrest unreasonable, this Court does not find the facts of this case are sufficiently analogous so as to render the Marshal Defendants' actions in violation of clearly established law.

## CONCLUSION

For the foregoing reasons, the County Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. ECF 22. The United States' Motion to Dismiss is GRANTED. ECF 35. The Marshal Defendants' Motion to Dismiss is GRANTED. ECF 37. Plaintiff's FTCA claim against the United States IS DISMISSED WITH PREJUDICE. Plaintiff's negligent arrest claim

is DISMISSED WITH PREJUDICE. Plaintiff's *Bivens* claim is DISMISSED WITH

PREJUDICE. Plaintiff's constitutional claim against Defendant Washington County is

DISMISSED WITHOUT PREJUDICE.

      **IT IS SO ORDERED**.

      DATED this 17th day of February, 2023.

                              /s/ Karin J. Immergut_____

                              Karin J. Immergut

                              United States District Judge

PAGE 45 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WASHINGTON COUNTY, DANIEL GUZMAN-CATARINA, AND JOHN
DOES 1–4'S MOTION TO DISMISS, GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS, AND GRANTING DEFENDANTS HAYDEN J.
SANDERS, JONATHAN W. LOBELL, AND CHRISTOPHER TAMAYO'S MOTION TO
DISMISS